RE: INTERPRETATION OF 74 O.S. 4244 (1987)
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER ASKING FOR AN OFFICIAL OPINION CONCERNING THE PROPER INTERPRETATION THAT SHOULD BE GIVEN TO 74 O.S. 4244 (1987). I HAVE PERSONALLY REVIEWED YOUR QUESTIONS AT THE ATTORNEY GENERAL'S REQUEST, AND HAVE DISCUSSED THE MATTER WITH MR. BRUCE MAHAFFEY, WHOM I UNDERSTAND FROM YOUR OFFICE TO BE PARTICULARLY CONCERNED ABOUT THE ANSWERS TO THESE QUESTIONS. DUE TO THE SHORT TIME FRAME WITHIN WHICH A RESPONSE IS NEEDED, THE ATTORNEY GENERAL HAS AUTHORIZED ME TO RESPOND TO YOU THROUGH THIS PERSONAL INFORMAL LETTER. IF THIS LETTER DOES NOT ADEQUATELY RESOLVE YOUR CONCERNS, HOWEVER, PLEASE CONTACT ME FURTHER, AND I WILL SEE THAT A FORMAL OPINION REVIEW PROCESS IS INITIATED.
TITLE 74 O.S. 4244 WAS ADOPTED INTO LAW BY THE 1986 LEGISLATURE, AND BECAME EFFECTIVE ON JUNE 13, 1986. SEE OKLA. SESS. LAWS 1986, CH. 255, 29. IT PROVIDES:
 "A. EXCEPT AS OTHERWISE PROVIDED FOR BY THIS SECTION, NO STATE BOARD OR COMMISSION SHALL EMPLOY ANY FORMER MEMBER OF THE BOARD OR COMMISSION.
 B. A STATE BOARD OR COMMISSION MAY EMPLOY A FORMER MEMBER OF THE BOARD OR COMMISSION IF AT LEAST ONE (1) YEAR HAS PASSED SINCE THE TERM OF OFFICE OF THE FORMER MEMBER HAS EXPIRED."
YOU ASK, RELATIVE TO THIS STATUTE, WHETHER ITS TERMS APPLY TO MEMBERS OF STATE BOARDS OR COMMISSIONS WHO WERE THEN SITTING AT THE TIME OF THE EFFECTIVENESS OF THIS LAW, AND, SECONDLY, WHETHER ITS TERMS ARE SO BROAD AS TO AFFECT EMPLOYMENT SITUATIONS WHERE THE BOARD, ITSELF, DOES NOT MAKE AN "APPOINTMENT" TO FILL A SUBORDINATE POSITION, BUT, RATHER, WHERE THE AGENCY'S CHIEF ADMINISTRATIVE OFFICER MAKES THE HIRING DECISION.
THE PRIMARY RULE OF STATUTORY CONSTRUCTION IS TO TRY TO DETERMINE THE INTENT OF THE LEGISLATURE IN ADOPTING A PARTICULAR STATUTORY SCHEME, AND, IF POSSIBLE, TO EFFECTUATE THAT INTENT. HESS V. EXCISE BOARD OF MCCURTAIN COUNTY, 698 P.2D 930 (OKLA. 1985). WHERE THE INTENT OF THE LEGISLATURE APPEARS PLAIN AND CLEAR ON ITS FACE, NO REAL NEED FOR FURTHER RESORT TO RULES OF STATUTORY CONSTRUCTION IS NECESSARY. IN THE MATTER OF PHILLIPS PETROLEUM CO., 652 P.2D 283, 285 (OKLA. 1982).
IN THE CASE OF THIS STATUTE, IT APPEARS QUITE PLAIN THAT WHAT THE LEGISLATURE HAS DONE IS TO PROVIDE FOR A PROSPECTIVE QUALIFICATION TO THE ABILITY OF A PERSON TO HOLD PUBLIC EMPLOYMENT, AS A MEANS OF LIMITING THE OPPORTUNITIES THAT MIGHT ARISE TO FOSTER AN IMPROPER CONFLICT OF INTEREST DEVELOPING BETWEEN A STATE AGENCY AND BOARD MEMBERS SWORN TO OVERSEE THAT AGENCY'S OPERATIONS. AS SUCH IT IS SOMEWHAT ANALOGOUS TO THE IMPOSITION OF REQUIREMENTS TO HOLD ELECTED PUBLIC OFFICE AS SET FORTH IN 26 O.S. 5-105A, RECENTLY DISCUSSED IN ATTORNEY GENERAL OPINION NO. 88-048.
IN THAT OPINION, QUESTIONS WERE ASKED AS TO THE CONSTITUTIONALITY OF 26 O.S. 5-105(A) LANGUAGE PROHIBITING PERSONS WHO HAVE BEEN CONVICTED OF CERTAIN CRIMES FROM ELIGIBILITY TO RUN FOR OR HOLD PUBLIC OFFICE IN THE STATE. THE ATTORNEY GENERAL, REFERRING TO OKLAHOMA SUPREME COURT DECISIONS ON POINT, HELD THAT THIS RESTRICTION WAS MERELY AN IMPOSITION OF A REQUIRED CONDITION TO HOLD THE OFFICES, AND DID NOT CONSTITUTE ANY KIND OF PROHIBITED PUNISHMENT ON THE PERSONS AFFECTED BY THE LAW. SEE GOLDEN V. OKFUSKEE COUNTY ELECTION BOARD, 723 P.2D 982, 983 (OKLA. 1986); AND BOARD OF REGENTS OF OKLAHOMA AGRICULTURAL COLLEGES V. UPDEQRAFF, 237 P.2D 131, 138 (OKLA. 1951). THE LAW IN QUESTION HERE, OF COURSE, DOES NOT ADDRESS AREAS OF PAST CRIMINAL ACTIVITY, BUT IS DIRECTED TOWARD PREVENTING POSSIBLE CONFLICT SITUATIONS FROM OCCURRING. NONETHELESS, IT DOES APPEAR TO BE DIRECTED TOWARD ANY EMPLOYMENT SITUATION OCCURRING AFTER ITS EFFECTIVE DATE OF JUNE 13, 1986. THE FACT THAT THE BOARD MEMBER'S RELATIONSHIP WITH THE AGENCY MAY HAVE BEEN ONGOING AT THE TIME OF THE STATUTE'S ADOPTION DOES NOT, IN MY OPINION, MAKE ANY DIFFERENCE IN THIS INSTANCE.
YOUR SECOND QUESTION ASKS WHETHER IT IS OF ANY IMPORTANCE IF THE EMPLOYMENT POSITION IN QUESTION IS ONE WHERE THE ACTUAL HIRING DECISION IS NOT MADE BY THE BOARD, BUT, RATHER, BY THE BOARD'S CHIEF ADMINISTRATIVE OFFICER. DUE TO THE WORDING OF THIS STATUTE, IT IS MY LEGAL OPINION THAT SUCH A FACT DOES NOT MAKE ANY DIFFERENCE. A COMPARISON OF THE LANGUAGE OF THIS STATUTE TO THAT OF 21 O.S. 481 (1981) IS INSTRUCTIVE. THAT LAW ESSENTIALLY SETS FORTH THE STATE PROHIBITION AGAINST NEPOTISM, AND FORBIDS ANY PUBLIC OFFICER IN THE STATE TO "APPOINT OR VOTE FOR THE APPOINTMENT" OF ANY PERSON RELATED TO THAT OFFICER WITHIN THE THIRD DEGREE OF CONSANGUINITY OR AFFINITY. THIS LAW HAS BEEN REVIEWED BY OUR COURT OF CRIMINAL APPEALS AND DECLARED TO ONLY ADDRESS EMPLOYMENT RELATIONSHIPS WHERE THE OFFICER IN QUESTION, HIMSELF, APPOINTED OR VOTED FOR THE APPOINTMENT OF THE INDIVIDUAL IN QUESTION. REDDELL V. STATE, 170 P. 273 (OKLA. 1918); ACCORD A.G. OPIN. NO. 80-100.
WHILE 21 O.S. 481 PROHIBITS MERELY THE APPOINTMENT OR VOTING FOR THE APPOINTMENT OF A RELATIVE BY A PUBLIC OFFICER, THE STATUTE YOU ARE INQUIRING ABOUT GOES BEYOND THAT LANGUAGE, AND FORBIDS A STATE BOARD OR COMMISSION TO "EMPLOY" A FORMER BOARD MEMBER UNTIL ONE YEAR HAS PASSED AFTER THE END OF THAT OFFICER'S TERM OF OFFICE. HENCE, THE ACTUAL DECISION AS TO WHO IS HIRED IS NOT DISPOSITIVE OF THE QUESTION. RATHER, IT IS WHETHER THE BOARD MEMBER IS TO BE EMPLOYED IN ANY FASHION.
IN SUMMARY, IT IS MY LEGAL OPINION THAT THE TERMS OF 74 O.S. 4244 DO PROHIBIT THE EMPLOYMENT OF FORMER BOARD MEMBERS PRIOR TO ONE YEAR BEFORE THE END OF THEIR RESPECTIVE TERMS OF OFFICE, AND IS APPLICABLE TO SUCH BOARD MEMBERS AS WERE SITTING IN OFFICE AT THE TIME THE STATUTE WAS ADOPTED. IT IS OF NO IMPORTANCE WHETHER THE PROPOSED EMPLOYMENT POSITION IS ONE OF THE CHIEF ADMINISTRATIVE OFFICER OF THE BOARD, AND, HENCE, DIRECTLY HIRED BY THE BOARD, OR WHETHER THE POSITION IS ONE TO BE FILLED BY A DECISION MADE BY SOME OFFICER OR EMPLOYEE OF THE BOARD.
(MICHAEL SCOTT FERN)